IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:17CR32 |
| | ) | |
| STEPHEN THOMAS CRAWFORD, | ) | Hon. Gerald Bruce Lee |
| | ) | |
| Defendant. | ) | Sentencing: June 16, 2017 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

Stephen Thomas Crawford ("the defendant") downloaded thousands of pictures and videos depicting children being sexually abused. PSR ¶ 12. The defendant has pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252 and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). For the reasons stated below, the United States respectfully submits that the Guidelines Range for this crime is properly-calculated as 97-121 months' imprisonment, and respectfully recommends a sentence of **97 months' imprisonment**, followed by 10 years' supervised release. Receipt of child pornography carries a mandatory minimum term of 60 months' imprisonment.

**I.  THE GUIDELINES RANGE AND STATUTORY REQUIREMENTS**

The probation officer properly calculated the Guidelines Range as 97 to 121 months' imprisonment, by applying the following provisions:

- Under the Sentencing Guidelines § 2G2.2, the defendant's base offense level is 22;

- the offense level is decreased by two (2) levels because the offense did not involve intentional distribution of child pornography;

- the offense level is increased by two (2) levels pursuant to § 2G2.2(b)(2) because the material involved a prepubescent minor or a minor who had not attained the age of 12

years;

- the offense level is increased four (4) levels pursuant to § 2G2.2(b)(4) because the images depicted sadistic conduct;

- the offense level is increased by two (2) levels pursuant to § 2G2.2(b)(6) because the defendant's conduct involved the use of a computer; and

- the offense level is increased by five (5) levels pursuant to § 2G2.2(b)(7)(D) because the defendant possessed the equivalent of more than 600 images of child pornography.

PSR ¶¶ 65-70.  Because the defendant has consistently and clearly demonstrated acceptance of responsibility for this offense, the United States hereby moves for a three-point reduction under § 3E1.1.  Based on these provisions, the probation officer correctly calculated an offense level of 30.  PSR ¶¶ 78, 103.  Because the defendant is in Criminal History Category I, the resulting Guidelines Range is 97-121 months. PSR ¶ 104.

The statuary penalties are a mandatory minimum term of five (5) years imprisonment with a maximum term of 20 years imprisonment, a maximum fine of $250,000, a special assessment of $100, restitution, and a supervised release term of five (5) years to life.

**II.      POSITION ON SENTENCING**

    **A.      Factors Governing Sentencing**

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [Booker] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence.").  The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to

"'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker*, 543 U.S. at 264 (quoting 28 U.S.C. §991(b)(1)(B)). The Fourth Circuit has provided the following post-Booker guidance:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

      B.      **Application**

Of the 3553(a) factors, the seriousness of the offense and the need to provide general deterrence are particularly relevant in this case. Receiving and viewing child pornography causes permanent damage to the children depicted in the images, as demonstrated by the Victim Impact Statements filed in this case. This harm was recognized years ago by the United States Supreme Court in *New York v. Ferber*, 458 U.S. 747, 758 (1982). In *Ferber*, the Supreme Court noted that, in the judgment of state and federal legislators, as well as authors of relevant literature, "the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child." *Ferber,* 458 U.S. at 758 (citations omitted). The *Ferber* court also observed that the "[pornographic] materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." *Id.* at 759 (citation omitted). Furthermore, the court stated:

> Pornography poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt [the victim] in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography … It is the fear of exposure and the tension of keeping the act secret that seem to have the most profound emotional repercussions.

Id at 759 & n. 10 (citations omitted). *See also Osborne v. Ohio,* 495 U.S. 103, 109-10 (1990) (reaffirming *Ferber* in case involving possession of child pornography).

In 2002, the United States Supreme Court again acknowledged the harm to victims depicted in child pornography and observed that a new harm is caused each time the images are shared with someone different. *See Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 249 (2002). In *Free Speech Coalition,* the court noted that "as a permanent record of a child's abuse, the continued circulation itself would harm the child who had participated. Like a defamatory statement, each new publication of the speech would cause new injury to the child's reputation and emotional well-being." *Id.* at 249.

Moreover, in rejecting defendants' claims that the "mere" receipt or possession of child pornography is a victimless crime, courts have noted at least three specific harms inflicted on the children depicted in the pornographic images:

> First, the simple fact that the images have been disseminated perpetuates the abuse initiated by the producer of the materials. [T]he materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation. The consumer who "merely" or "passively" receives or possesses child pornography directly contributes to this continuing victimization.

> Second, the mere existence of child pornography represents an invasion of the privacy of the child depicted. Both the Supreme Court and Congress have explicitly acknowledged that the child victims of child pornography are directly harmed by this despicable intrusion on the

> lives of the young and the innocent. The recipient of child pornography obviously perpetuates the existence of the images received, and therefore the recipient may be considered to be invading the privacy of the children depicted, directly victimizing these children.
>
> Third, the consumer of child pornography instigates the original production of child pornography by providing an economic motive for creating and distributing the materials… [T]here is no sense in distinguishing, as [Defendant] has done, between the producers and the consumers of child pornography. Neither could exist without the other. The consumers of child pornography therefore victimize the children depicted in child pornography by enabling and supporting the continued production of child pornography, which entails continuous direct abuse and victimization of child subjects.

*United States v. Norris,* 159 F.3d 926, 929-30 (5th Cir. 1998).

The defendant here is the exact type of offender that Congress was concerned about when it enacted significant penalties for collecting child pornography. The defendant's conduct was repeated: he intentionally downloaded child pornography over a significant time. This was not an accident, mistake, or crime that occurred from a momentary lapse of judgment. The repeated nature of the defendant's conduct and the extent of his collection of images of children being sexually abused justify a significant sentence in this case. Moreover, receipt of child pornography is a shockingly-widespread offense committed by people like the defendant who believe they are unlikely to get caught. The defendant's sentence should reflect the need to deter others like him whose desire to view child pornography outweighs concern about possible consequences. Finally, because the defendant has a demonstrated sexual attraction to children, the United States believes that a supervised release term of 10 years is necessary to protect the public.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence at the low end of a 97-121 month Guidelines range, to be followed by a 10 year period of supervised release.

    Respectfully submitted,

    Dana J. Boente
    United States Attorney

    _____/s/_____
    Nathaniel Smith III
    Kellen S. Dwyer
    Assistant U.S. Attorneys
    Office of the United States Attorney
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Tel: (703) 299-3700
    Fax: (703) 299 3981
    Email: Nathaniel.Smith2@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on this day, June 9, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record in this case.

                                  /s/
                          Nathaniel Smith III
                          Assistant U.S. Attorney
                          Office of the United States Attorney
                          2100 Jamieson Avenue
                          Alexandria, Virginia 22314
                          Tel: (703) 299-3700
                          Fax: (703) 299-3981
                          Email: Nathaniel.Smith2@usdoj.gov